UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| MGP ELECTRONICS, INC., | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. 3:19-CV-717 JD |
| ELECTRONIC DESIGN & SALES, INC., | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff MGP Electronics, Inc. filed this action against defendant Electronic Design & Sales, Inc., asserting claims for breach of contract and other related claims. It simultaneously moved to stay the case, conceding that it was bound to arbitrate its claims. The plaintiff apparently filed this action to protect its claims against the statute of limitations, perhaps on the chance that the claims would not be found to be arbitrable. When it appeared, the defendant argued that this case should have been filed in the Fort Wayne Division, not the South Bend Division, so it moved to dismiss or transfer the case under 28 U.S.C. § 1406(a) and Local Rule 3-1(b). It notes that its headquarters is in Fort Wayne, and that this case has nothing to do with South Bend, so the case belongs in Fort Wayne.

In response, the plaintiff argues that at the time it filed suit, it thought the upcoming arbitration hearing would take place in South Bend. It thus filed in this division because a motion to confirm an arbitration award may be filed in the district in which the award was made. 9 U.S.C. § 9. First, however, the arbitration has since been moved to Indianapolis, so there is no reason to believe this will be the venue in which the award is made. Second, and more fundamentally, this is not an action to confirm an arbitration award—the arbitration hasn't even

taken place yet, so there is no award to confirm. The venue for confirming an arbitration award (should one ultimately be issued) thus cannot justify the venue for the complaint the plaintiff filed. Though the plaintiff apparently intends to first pursue its claims in arbitration, the complaint seeks affirmative relief on those claims; the purpose of filing suit in that situation is that if the arbitration falls through, a party will still be able to litigate its claims on their merits in court, without having missed the statute of limitations. Because venue for the plaintiff's claims would be proper in Fort Wayne but not South Bend, this case should have been filed in the Fort Wayne Division. The pending motion to stay can then be decided by the division in which the case should have been filed. In the interests of justice, however, transfer rather than dismissal is the appropriate outcome. There is no use dismissing a case if the case could be immediately refiled in the transferee venue.

Therefore, the Court GRANTS the motion to dismiss or transfer [DE 8] and ORDERS this case to be transferred to the Fort Wayne Division.

SO ORDERED.

ENTERED: November 15, 2019

/s/ JON E. DEGUILIO
Judge
United States District Court